UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN EMANUEL MINAYA,<br><br>Plaintiff,<br><br>-against-<br><br>HAVERSTRAW POLICE DEPARTMENT; OFFICER RODRIGUEZ; TOWN OF HAVERSTRAW; ROCKLAND COUNTY,<br><br>Defendants. | 26-CV-4576 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at the Rockland County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. The Court liberally construes the complaint as asserting Section 1983 claims of false arrest, as well as state-law claims of false arrest and false imprisonment. Plaintiff names as defendants: (1) Haverstraw Police Department; (2) Officer Rodriguez; (3) Town of Haverstraw; and (4) Rockland County. He seeks monetary relief. By order dated June 30, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons that follow, the Court: (1) dismisses all claims against the Haverstraw Police Department and construes them as being asserted against the Town of Haverstraw, which is already named as a defendant; (2) dismisses all claims against Rockland County, for failure to state a claim; and (3) directs service on Defendants Rodriguez and Town of Haverstraw.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Defendant Haverstraw Police Department

Plaintiff names the Haverstraw Police Department as a defendant. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under New York law, municipal agencies cannot be sued in the name of the agency, unless state law provides otherwise. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.").

The Court has reviewed the Town of Haverstraw's municipal code, and it does not appear to authorize the Haverstraw Police Department to be sued in its own name. *See* Haverstraw, N.Y., Town Code ch. 31 (2026); *accord Yagel v. Town of Haverstraw*, No. 24-CV-2030 (NSR), 2024 WL 5090174, at *3 (S.D.N.Y. Dec. 11, 2024) (finding that the Haverstraw Police Department "has no legal identity separate and apart from the Town of Haverstraw" and therefore dismissing all claims against it). Thus, the Court must dismiss Plaintiff's claims against the Haverstraw

Police Department for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status and his clear intention to pursue claims against an administrative arm of the Town of Haverstraw, the Court construes Plaintiff's claims against the Haverstraw Police Department as being asserted against the Town of Haverstraw, which Plaintiff also named as a defendant in this action.

**B. Defendant Rockland County**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

In the complaint, Plaintiff makes no allegations whatsoever against Rockland County or against any of its employees. Because the complaint contains no allegations against Rockland County, it fails to provide Rockland County with notice of the nature of the claims against it. Plaintiff has therefore failed to state a claim against Rockland County, and all claims against it are dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and his apparent desire to asserts claims against Rockland County, the Court grants Plaintiff 30 days' leave to submit an amended complaint, if he

wishes to do so, in which he names Rockland County as a defendant and set forth facts from which the Court can infer that Rockland County violated his constitutional rights.[2]

**C. Service on Defendants Rodriguez and Town of Haverstraw**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered

---

[2] When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Rodriguez and Town of Haverstraw through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Haverstraw Police Department and Rockland County, with 30 days' leave to replead his claims against Rockland County. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue a summons for Defendant Rodriguez and Town of Haverstraw, complete the USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 7, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Officer Rodriguez
   Haverstraw Police Department
   101 West Ramapo Road
   Garnerville, NY 10923

2. Town of Haverstraw
   1 Rosman Road
   Garnerville, NY 10923

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

____________________________________________

____________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

____________________________________________

____________________________________________

____________________________________________

____________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________________, is a citizen of the State of
(Plaintiff's name)

________________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 2: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 3: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

________________________________________

First Name Middle Initial Last Name

________________________________________

Street Address

________________________________________

County, City State Zip Code

____________________ ____________________

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.